UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

KURTIS McCLAIN,

                    Plaintiff,                    Case No. 1:16-cv-1017

v.                                        Honorable Robert J. Jonker

UNKNOWN CAGE et al.,

                    Defendants.

_____/

## OPINION

        This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Brege, Fager, Kowalski, Jackson, and Wallace. The Court also will dismiss for failure to state a claim Plaintiff's medical claim under the Eighth Amendment. The Court will serve the complaint against Defendants Cage, Larski, Shavez and Fauber.

**Discussion**

I.      Factual allegations

Plaintiff Kurtis McClain presently is incarcerated at the Chippewa Correctional Facility, though the actions about which he complains occurred while he was housed at the Muskegon Correctional Facility (MCF).  Plaintiff sues the following MCF officials:  Inspector (unknown) Cage; Resident Unit Manager (RUM) (unknown) Brege; Assistant Resident Unit Supervisor (ARUS) (unknown) Fager; Lieutenant (unknown) Larski; Deputy Warden (unknown) Kowalski; Sergeant (unknown) Shavez; Correctional Officer (unknown) Fauber; Warden (unknown) Jackson; and Prison Counselor (unknown) Wallace.

Plaintiff alleges that, on August 1, 2016, Defendants Larski and Fauber came into his segregation cell and told him to turn around and cuff up.  Plaintiff asked to be permitted to put on his jumpsuit, as he was naked.  The officers laughed at him.  When Plaintiff reached for his jumpsuit and tried to put it on, the officers grabbed him around the neck and shoulders, telling him to put his hands behind his back.  Plaintiff then asked the officers to please not take him back to the general population, as his life was in danger.  At that point, Defendant Shavez rushed into the cell with unidentified other officers.  Plaintiff balled himself up in a corner of the cell while the officers  hit him, kneed him in the head, and furiously pulled at his feet.  They managed to put him in handcuffs, but they continued to refuse to give him any clothing.  Defendant Cage instructed the officers to "take his ass out of here [I] don[']t care – here wrap this sheet over his narrow ass."  (Compl., ECF No. 1, PageID.4.)  Plaintiff alleges that the officers continued to rough him up as they escorted him to the general population cell with only a sheet around his waist.  They pushed Plaintiff into the cell, which was occupied by a prisoner who "was out to get" Plaintiff.  (*Id.*)  Plaintiff refused to be

"placed in harms way again . . . ."  (*Id.*)  He therefore tried to get out of the cell before the door closed.  The cell door closed on his arm, and Defendants left him with his arm stuck in the door for half an hour.  His arm was numb by the time Sergeant Pohl (not a Defendant) came to open the cell. When the door was opened, Plaintiff rushed out, because of his fear of his cellmate.  An officer drove his knee into the side of Plaintiff's leg, but Plaintiff "held on for dear life . . . ."  (*Id.*)  Plaintiff subsequently was sprayed with pepper spray and then cuffed and taken to segregation.  Plaintiff complains that he was not given proper medical attention for the scrapes to his wrists and feet, though he admits that his leg was checked to determine whether it was broken.

Plaintiff alleges that the incident "had to have been authorized first by higher administration such as (Dep Warden - Kowalski - Warden - Jackson - inspector - Cage [-] R.U.M. Brege - ARUS Fager, pc - Wallace)[.]"  (*Id.*, PageID.5.)  Plaintiff therefore asserts that he considers these Defendants responsible for the attack.

Plaintiff argues that Defendants violated his Eighth Amendment rights by forcing him to leave his cell naked, moving him to a dangerous cell, using excessive force, and failing to treat his injuries.  He seeks compensatory damages.

II.    Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions.  *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

- 3 -

do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

## A.    Supervisory Liability

Plaintiff fails to make specific factual allegations against Defendants Brege, Fager, Kowalski, Jackson, and Wallace, other than his claim that they failed to supervise their subordinates, from which he concludes that they must have authorized the other Defendants' actions. Government

- 4 -

officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

Plaintiff has failed to allege that Defendants Brege, Fager, Kowalski, Jackson, and Wallace engaged in any active unconstitutional behavior. His allegation that they must have authorized the attack is wholly unsupported by facts. Such conclusory allegations are insufficient to state a claim. *Iqbal*, 556 U.S. at 678. Accordingly, Plaintiff fails to state a claim against Defendants Brege, Fager, Kowalski, Jackson, and Wallace.

## B.    Lack of Medical Care

Plaintiff alleges that he was deprived of adequate medical care after he was taken to segregation. The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such

care would be inconsistent with contemporary standards of decency.  *Estelle v. Gamble*, 429 U.S. 102, 103-04 (1976).  The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner.  *Id.* at 104-05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

A claim for the deprivation of adequate medical care has an objective and a subjective component.  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious.  *Id.*  In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.*  The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[ ] for medical care is obvious even to a lay person."  *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 899 (6th Cir. 2004).  If the plaintiff's claim, however, is based on "the prison's failure to treat a condition adequately, or where the prisoner's affliction is seemingly minor or non-obvious," *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 898 (6th Cir. 2004), the plaintiff must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment," *Napier v. Madison Cnty.*, 238 F.3d 739, 742 (6th Cir. 2001) (internal quotation marks omitted).

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind in denying medical care."  *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farmer*, 511 U.S. at 834).  Deliberate indifference "entails something more than mere negligence," *Farmer,* 511 U.S. at 835, but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result."  *Id.*

Under *Farmer*, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Plaintiff utterly fails to identify which, if any, Defendant denied him medical care. It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). Plaintiff's allegations concerning the lack of medical treatment fail to give any Defendant fair notice of his claim. They fall far short of the minimal pleading standards under FED. R. CIV. P. 8 (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief").

Moreover, Plaintiff fails to allege that the scrapes to his wrists and feet amounted to a medical need that was sufficiently serious to meet the objective prong of the deliberate-indifference test. Further, he fails to suggest that any person subjectively appreciated a serious risk to Plaintiff's health that would be caused by a failure to treat those cuts and scrapes. He therefore wholly fails to allege that any person, much less any Defendant, is liable for a failure to provide constitutionally adequate medical care.

### C.    Remaining Claims

Upon initial review, the Court concludes that Plaintiff has sufficiently alleged Eighth Amendment claims against the remaining Defendants. The Court therefore will order service of the complaint on those Defendants.

### Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Brege, Fager, Kowalski, Jackson, and Wallace will be dismissed for

failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court also will dismissed Plaintiff's claim that he was denied medical care in violation of the

Eighth Amendment.  The Court will serve the complaint against Defendants Cage, Larski, Shavez

and Fauber.

An Order consistent with this Opinion will be entered.


Dated: _____September 30, 2016_____     _/s/ Robert J. Jonker_____
                                        ROBERT J. JONKER
                                        CHIEF UNITED STATES DISTRICT JUDGE